UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| REGINALD DARNELL PORTER,<br><br>  Plaintiff,<br><br>  v.<br><br>KEVIN MURPHY, et al.,<br><br>  Defendants. | Case No. 2:24-CV-5-GSL-APR |

## OPINION AND ORDER

Plaintiff Reginald Darnell Porter, proceeding pro se, filed the instant Complaint [DE 1] and Motion for Leave to Proceed In Forma Pauperis [DE 2]. For the reasons set forth below, the Court dismisses the Complaint [DE 1] with prejudice as to Judge DeBoer and Prosecutors Germann and Ryan, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). As to the Officers Kevin Murphy and Austin Haynes, the Court dismisses the Complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, Plaintiff is granted leave to file an amended complaint as to the Officer Defendants, and either refile his Motion to Proceed In Forma Pauperis with enough information to allow the Court to assess his ability to pay the filing fee or pay the fee in full.

## BACKGROUND

Plaintiff filed this action on January 9, 2024, against Porter County Circuit Court Judge Mary DeBoer, Porter County Prosecutors Gary Germann and Mary Ryan, and Police Officers Kevin Murphy and Austin Haynes. He used this Court's Civil Complaint Form and attached to it a filing he made in Porter Superior Court 5 (Case No. 64D05-2302-F5-001648). [DE 1]. On the Form, Plaintiff alleges that (1) Judge DeBoer held him in jail for 86 days without being convicted of any crime, (2) Officers Murphy and Haynes searched his vehicle, arrested him, and

took him to jail without probable cause, and (3) Prosecutors Germann and Ryan conspired with Judge DeBoer to hold him in jail. [*Id.*, p. 2]. In the attached filing, Plaintiff alleges that Officers Murphy and Haynes initiated an illegal traffic stop. [*Id.*]. Plaintiff asserts that Defendants violated (1) his civil rights under 42 U.S.C. § 1983, (2) the Administrative Procedure Act of 1946, (3) his right to due process under the Fifth Amendment, and (4) the Tucker Act. [DE 1]. He is seeking $30 million dollars in damages, as well as the revocation of "the judge's and prosecutor's [sic] bond and license to practice law." [*Id.*]. Plaintiff also moved to proceed in forma pauperis. [DE 2].

On February 27, 2024, Plaintiff filed what appears to be a Notice of Removal. [DE 4]. On April 8, 2024, he filed two items on the docket: (1) a Temporary Restraining Order to Block Federal Funding to the State of Indiana [DE 5]; and (2) a Motion Seeking to Recuse Judge DeBoer [DE 6]. On August 30, 2024, the matter was reassigned to this Judge. [DE 7].

## DISCUSSION

A pro se filing is to be liberally construed, because "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, when a plaintiff seeks to proceed in forma pauperis, the Court is authorized to dismiss the action at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013) ("28 U.S.C. § 1915(e)(2) . . . directs district courts to screen all complaints accompanied by an IFP request for failure to state a claim, among other things[.]"). But to dismiss such a case "without leave to amend" may raise "serious questions about fair

access to the courts," because "an [in forma pauperis] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend." *Luevano*, 722 F.3d, at 1022–23.

### A. Officer Murphy and Officer Haynes

The standard for dismissing a complaint under § 1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Here, Plaintiff seems to allege that the Defendant Officers searched his vehicle, arrested him, and jailed him without probable cause. [DE 1]. Plaintiff includes no factual matter about how the Officer Defendants, under color of law, deprived him of any right, privilege, or immunity secured by the Constitution. *See* 42 U.S.C. § 1983. Without sufficient factual matter, there is nothing for the Court to accept as true; there is only a conclusory statement. On that basis, the Court is unable to draw any inference, let alone a reasonable one, that the Defendant Officers are liable for the alleged misconduct. So, as to the § 1983 claim against the Officer Defendants, the Complaint [DE 1] is dismissed without prejudice.

### B. Judge DeBoer and the Prosecutors

The Court may also dismiss a complaint when it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). "A judge has

absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority[.]" *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Further, a Plaintiff is not allowed to seek injunctive relief against state and federal judges under § 1983. 42 U.S.C. § 1983; *see Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003).

Here, Plaintiff names Judge DeBoer as a defendant, alleging that she "sentenced [him] to probation and then held [him] in jail for 86 days without [convicting him] of any crime" in violation of his right to due process. [DE 1]. Plaintiff also seeks a $30 million dollar judgment. Plaintiff's claim against Judge DeBoer fails at the outset because, as a state court judge, she is entitled to absolute immunity. Even a liberal reading of the Complaint, which the Court has given, fails to illuminate a path for Plaintiff to state a claim against a party entitled to absolute immunity. For these reasons, all claims as to Judge DeBoer are dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Prosecutors are also entitled to immunity. In *Chambers v. Indiana*, our Circuit upheld a district court's ruling that prosecutorial immunity barred a § 1983 claim against prosecutors who allegedly conspired with the judge and officers to violate the plaintiff's rights. *Chamber v. Indiana*, No. 22-1828, 2022 WL 17436542, at *2 (7th Cir. Dec. 6, 2022) (citing *Imbler v. Pactman*, 424 U.S. 409, 427–29 (1976)). This matter appears to be no different. Here, Plaintiff alleges that "Prosecutor's [sic] Gary S. Germann and Mary K. Ryan conspired with the Judge to hold me in jail violating my right to Due Process." [DE 1]. Plaintiff's claims against Prosecutors Germann and Ryan also fail from the start because of prosecutorial immunity. Therefore, the

claims against Prosecutors Germann and Ryan are dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

    C. **Administrative Procedure Act and The Tucker Act**

Finally, Plaintiff advances claims against Defendants under the Administrative Procedure Act ("APA") and the Tucker Act. These claims are dismissed with prejudice for failure to state a claim upon which relief can be granted. By even the most liberal of readings, the Court fails to discern how a potentially problematic traffic stop implicates either statute. The APA, enacted in 1946, prescribes the procedures for action taken by executive agencies and "delineates the basic contours of judicial review" of those actions. *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2261 (2024). It does not appear that Plaintiff's Complaint references any executive agency or any action taken by an executive agency. Without an executive agency action to review, the APA is not properly implicated. Therefore, those claims, to the extent there are any, are dismissed with prejudice.

The Tucker Act allegations fail for similar reasons. The Act "established the Court of Federal Claims in order to provide a forum for certain monetary claims against the United States." *Kentera v. United States*, No. 16-CV-1020-JPS, 2017 WL 401228, at *4 (E.D. Wis. Jan. 30, 2017). "Under the Tucker Act, the Court of Federal Claims has 'jurisdiction to render judgment upon any claim against the United States, founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.'" *Id.* (quoting 28 U.S.C. § 1491(a)). Finally, "the Tucket Act only confers jurisdiction and itself creates no substantive rights." *Id.* (citing *United States v. Testan*, 424 U.S. 392, 397–98 (1976)). Aside from not naming the United States as a defendant, Plaintiff's invocation of the

Tucker Act, a jurisdictional statute, fails. Plaintiff is not suing the United States, and even if he were, the alleged illegal traffic stop does not sound in contract law. Thus, there are no claims under the Tucker Act, a jurisdiction conferring statute.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Judge DeBoer, Prosecutor Gary Germann, and Prosecutor Mary Ryan, are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). As for the claims against Officer Murphy and Officer Haynes, the claims brought under the Administrative Procedure Act and the Tucker Act are **DISMISED WITH PREJUDICE**, and the claims brought under 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, Plaintiff's Motion to Proceed in Forma Pauperis [DE 2] is **DENIED**. Plaintiff is granted leave to file an amended complaint as to the § 1983 claims against Officer Murphy and Officer Haynes, and either refile his motion to proceed in forma pauperis or pay the statutory filing fee. Plaintiff has until October 29, 2024, to file an amended complaint. If Plaintiff fails to amend his Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

**SO ORDERED.**

ENTERED: October 1, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court

6